## Yent v. Yent.

(Decided April 19, 1917.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1. Divorce—Abandonment—Evidence.—Where by amended answer and counter-claim filed to a petition for divorce, the defendant seeks a divorce from the plaintiff on the ground of abandonment, the counter-claim has the same effect as a petition filed in an independent action; and, although the plaintiff's right to a divorce be not established by proof, the defendant may and should be granted a divorce on the ground of abandonment by the plaintiff, relied on therein, if such abandonment be satisfactorily shown by the evidence to have been without fault on the defendant's part, and to have continued for more than a year before the filing of the amended answer and counter-claim.

2. Divorce—Abandonment—Evidence.—In this case it was error for the lower court to hold that the defendant was not entitled to the divorce because the period of the plaintiff's abandonment of the defendant had not extended over one year next before the filing of the plaintiff's petition, when it had continued for one year before the filing of the defendant's counter-claim, which was the beginning of the latter's action for divorce.

HOMER C. McLELLEN for appellant.

FRED STARCK, W. G. DOOLAN and A. SCOTT BULLITT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Reversing.

By this action instituted April 6, 1915, in the Jefferson circuit court, Chancery Branch, 1st Division, the appellee, Mary L. Yent, sought a divorce *a vinculo* from her husband, the appellant, Albert G. Yent, on the grounds: (1) "Confirmed habit of drunkenness on the part of the latter of not less than one year's duration, accompanied with a wasting of his estate, and without any suitable provision for the maintenance of the plaintiff"; (2) "That he habitually behaved toward her, for not less than six months, in such a cruel and inhuman manner as to indicate a settled aversion to her, and to permanently destroy her peace and happiness."

The appellant's answer specifically denied the averments of the petition, and, in addition, alleged that appellee on October 26, 1914, abandoned the appellant and had since refused to live or co-habit with him. On November 6, 1915, appellant tendered, and was permitted to file, an amended answer, also styled, and, by order, made a counter-claim, in which he prayed a divorce *a vinculo* from appellee upon the ground that she, on October 26, 1914, without fault on the part of the appellant, abandoned him, and had since continuously lived apart from him, and failed and refused to live or co-habit with him; and that the period of such abandonment had continued longer than one year before the filing of his amended answer and counter-claim. This pleading was controverted by reply.

Following the taking of proof by the parties and submission of the case, the court rendered judgment refusing a divorce to either of the parties and dismissing both the petition and counter-claim. The appellant complains of so much of the judgment as refused him a divorce and dismissed his counter-claim. Hence, this appeal.

Although not asked to review that part of the judgment which refused appellee a divorce, we deem it not improper to say that the proof taken by appellee in support of the allegations of the petition wholly failed to show her entitled to the divorce prayed. On the other hand, we are equally convinced that the chancellor erred in refusing the divorce asked by the appellant, as the evidence taken in support of the ground of divorce set up by this counter-claim clearly establishes his right thereto. The error into which the court fell in refusing the divorce is shown by the following excerpt from the written opinion of the judge thereof, found in the record:

"Defendant would be entitled to a divorce upon the ground of abandonment were it not that the abandonment had not extended over a period of one year next before the filing of this action. So this plea is not available. Defendant's counter-claim dismissed."

It will readily be seen that the court erroneously arrived at the conclusion that in order to entitle appellant to the divorce prayed in his counter-claim, the abandonment of him by appellee alleged, must have continued for one year, next before the filing of the petition by her; whereas, to entitle appellant to the divorce prayed in his counter-claim, it was only necessary that the abandonment of him by appellee should have continued for as much as one year next before the filing of his amended answer and counter-claim, which was the beginning of his action for the divorce.

The evidence clearly shows that appellee abandoned appellant October 26, 1914, by then leaving his home and going to her father's residence, and that she never did thereafter return to appellant's home, live or co-habit with him, although he did everything that could or ought reasonably to have been required of him, to induce her to do so. It is equally clear from the evidence that he gave her no cause to leave him and that she alone was in fault. As, according to the evidence, and admitted by the brief of her counsel, appellee's abandonment of appellant occurred and began October 26, 1914, and continued, without interruption, down to November 6, 1915, the date of the filing of his amended answer and counter-claim, seeking the divorce, it covered a period of more than one year, and had existed for more than a year, when appellant's action for divorce was instituted, which was when his amended answer and counter-claim was filed. The filing of the counter-claim asking the divorce had the same effect as if the divorce had been sought by the filing of a petition, and, being sustained by the evidence introduced by appellant in support of the ground of divorce therein relied on, he was as much entitled to the divorce as if it had been sought by the filing of a petition in an independent action. Lee v. Lee, 1 Duvall 196.

For the reasons indicated, the judgment, insofar as it dismissed appellant's counter-claim, is reversed, and the cause remanded with directions to the lower court to enter a judgment granting him the divorce prayed.